IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

    Plaintiff,

  vs.

W.C. NESBETH, et al.,

    Defendants.

No. CIV S-06-1139-FCD-CMK-P

ORDER

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint (Doc. 8).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following individuals as defendants: Nesbeth, Veal, Dovey, Tilton, Cullen, O'Ran, Arnold, Hudnall, Cruz, Shankland, Mayer, Harris, Riley, Piazza, Masuret, and Ryan.  Plaintiff's first amended complaint consists of a 20-page document entitled "Plaintiff's First Amended Complaint" and almost 85 pages of attached exhibits to which plaintiff refers in the amended complaint.  Plaintiff seeks monetary damages as well as various forms of equitable relief.

As with the original complaint, the court concludes that plaintiff's first amended complaint does not contain a short and plain statement of plaintiff's claims as required by Rule 8. As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim.  Plaintiff's complaint refers to nearly 85 pages of attached documents which purportedly support the factual allegations against the defendants.[1]  This pleading method does not, however, satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly.  To the contrary, plaintiff's complaint would require the court to comb through a large volume of documents in order to even guess at plaintiff's claims.  The court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the court – to formulate his claims.

/ / /

---

[1] The original complaint referred to nearly 150 pages of attachments.

1        Because it is possible that the deficiencies identified in this order may be cured by
2   amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
3   action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is
4   informed that, as a general rule, an amended complaint supersedes the original complaint. See
5   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to
6   amend, all claims alleged in the original complaint which are not alleged in the amended
7   complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if
8   plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
9   plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must
10  be complete in itself without reference to any prior pleading. See id.
11       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
12  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
13  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how
14  each named defendant is involved, and must set forth some affirmative link or connection
15  between each defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S.
16  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d
17  740, 743 (9th Cir. 1978).
18       Finally, plaintiff is warned that failure to file an amended complaint within the
19  time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at
20  1260-61; see also Local Rule 11-110. Plaintiff is also warned that a complaint which fails to
21  comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule
22  41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981). This will be
23  plaintiff's third and final opportunity to plead his claims consistent with Rule 8.
24  / / /
25  / / /
26  / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

DATED: May 23, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE