IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID W. WILSON, | | No. CIV S-06-1139-FCD-CMK-P |
| | Plaintiff, | |
| | vs. | ORDER |
| W.C. NESBETH, et al., | | |
| | Defendants. | |
| _____/ | | |

   Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (Doc. 10), filed on June 27, 2007.

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff names the following 12 individuals as defendants: Nesbeth, Tilton, Schwartz, Veal, Cullen, O'Ran, Hudnall, Cruz, Shankland, Piazza, Masuret, and Ryan.[1] Plaintiff alleges that defendants Tilton, Schwartz, Veal, Cullen, O'Ran, Hudnall, Cruz, and Shankland hold supervisory positions. Plaintiff alleges violations of his rights under § 1983 and the Americans with Disabilities Act ("ADA").

Plaintiff provides the following "summary" of his claims:

> . . . This is a complaint declaratory and injunctive relief and damages under 1983, with acts violating Title II Americans with Disabilities Act (ADA) against state entity, California Medical Facility (CMF) – Vacaville, part of California Department of Corrections and Rehabilitation (CDCR), in which "discrimination and unequal treatment" for "siege & terrorism" of Unit M-3 Enhanced Out Patients (EOP's) was allowed against Plaintiff WILSON and all EOP's by Correctional Officer (C/O) W.C. NESBETH by denying program cell unlocks of doors by intentionally walking by cells, then claim Inmate's were not ready to make miss or be late to Breakfast/Lunch, or confine to quarters without supervisor's or any Psy. staff approval, C/O NESBETH walks by cells to deny or make late to yard, medication, church, medical or other priority pass duckets, to see EOP's clinicians, which when brought up at

---

[1] The Clerk of the Court is directed to update the court's docket to reflect that these individuals are the only named defendants. Specifically, any individuals listed on the docket but not listed above should be terminated as defendants, and any individuals listed above but not listed on the docket should be added as defendants.

community meetings inmate's cells searched, or personal property taken in retaliation. Which after Plaintiff WILSON filed civil "discrimination" suit of denial of school, education, dayroom access among several issued, Plaintiff included C/O NESBETH's actions and his supervisor's failing to act, intercede on behalf of M-3 EOP's in Amended Complaint. Plaintiff then contacted Government agencies and organizations to assist with civil suit and C/O NESBETH's caprice denying dayroom, showers, library access. Plaintiff approached custody staff who turned a blind eye, then gathered signatures on Affidavit to remove C/O NESBETH and attached staff complaint and filed Restraining Order in discrimination case, Plaintiff's appeal on NESBETH was screened out twice by Appeals Coordinator, Plaintiff sent to Warden, contacted more Government officials, and appeal is sent to counselor "No" response who brings to Plaintiff WILSON who ask for response, and counselor gives copy to C/O NESBETH who use's to harass EOP's on Affidavit, and counselor brings back to plaintiff who sends to Director for relief, to which C/O NESBETH takes Plaintiff's personal property and property card, and gives back part and other items given back in appeal resolvement. C/O NESBETH concocts "false disciplinary in retaliation" of Plaintiff claiming altering shorts. Another Inmate keep requesting HELP with C/O NESBETH harassing him and after C/O NESBETH places a knife in inmates cell, Plaintiff writes group complaint for inmate and help gather signatures. C/O NESBETH concocts Plaintiff inciting to place in segregation, Plaintiff gives Caption list of witnesses which committee claims none denying Fourteenth Amendment due process, Plaintiff is released from segregation and files appeal for property taken by C/O NESBETH, and appeal filed in "False disciplinary" which both appeals are denied at Review CMF, Plaintiff sends for Director's Review which are sent back to procedurally bar, which Plaintiff sends back until Director's Review given. Plaintiff having contacted Newspaper, more Gov't officials, and received other Inmate's complaint's against C/O NESBETH, which this discrimination to deny programs, activities, services, was not done to Non-EOP Inmate's who did not face intentional, willfull, malicious, reckless disregard as Plaintiff WILSON who is EOP with PTS (disorder) diagnosed schizophrenia meeting Title II ADA requirements as others similarly situated, mental impairment Title 15 section 3004(c) Rights and respects of others; Title 42 U.S.C. § 2131 and 504 of Rehabilitation Act, which C/O NESBETH violates with retaliation to appeals Title 15 section 3084(d); 28 C.F.R. § 35.134; First Amendment and Eighth Amendment without Due Process Fourteenth Amendment United States Constitution.

## II. DISCUSSION

Based on the foregoing, and the additional factual allegations set forth in the second amended complaint, it appears that plaintiff is attempting to state claims based on the following theories: (1) denial of equal protection; (2) retaliation; and (3) possibly denial of medical care for his mental disorder. In addition, plaintiff has named a number of defendants

alleging liability based on their supervisory roles.  The court finds that the complaint does not currently state any clear claims for relief, but that the defects could be cured through amendment.  Therefore, the court will set forth the legal principles which apply to the theories identified herein and will give plaintiff an opportunity to further amend the complaint.

A.   **Supervisory Liability**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them.  See id.   When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

B.   **Equal Protection**

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  Prisoners are protected from invidious discrimination based on race.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline.  See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam).  Prisoners are also protected from intentional discrimination on the basis of their religion.  See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which

included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

**C.      Retaliation**

Prisoners retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must allege that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must allege a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also allege that his constitutional right was actually chilled by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000). Thus, the prisoner plaintiff must allege the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action actually chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).

/ / /

/ / /

/ / /

### D. Medical Care

The treatment a prisoner receives in prison and the conditions under which the prisoner are confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to

decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

///
///
///

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
3 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
4 each named defendant is involved, and must set forth some affirmative link or connection
5 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
6 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7    Finally, plaintiff is warned that failure to file an amended complaint within the
8 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
9 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to
10 comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule
11 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

12    Accordingly, IT IS HEREBY ORDERED that:

13   1. Plaintiff's second amended complaint, filed on June 27, 2007, is dismissed
14 with leave to amend; and

15   2. Plaintiff shall file a third amended complaint within 30 days of the date of
16 service of this order.

18 DATED:  August 15, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE