IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,   No. CIV S-06-1139-FCD-CMK-P

    Plaintiff,

  vs.   FINDINGS AND RECOMMENDATIONS

W.C. NESBETH, et al.,

    Defendants.

                                     /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's third amended complaint (Doc. 14).[1]

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

---

[1] On August 16, 2007, plaintiff was directed to file a third amended complaint within 30 days. On September 12, 2007, plaintiff filed a request for an extension of time. Before the court could rule on the request, plaintiff filed the third amended complaint on October 1, 2007. The court should grant plaintiff's motion, nunc pro tunc to September 12, 2007, such that plaintiff's third amended complaint is considered timely.

1

from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In the third amended complaint, plaintiff names the following 12 individuals as defendants:  Nesbeth, Tilton, Schwartz, Veal, Cullen, O'Ran, Hudnall, Cruz, Shankland, Piazza, Masuret, and Ryan.[2]  Plaintiff alleges that defendants Tilton, Schwartz, Veal, Cullen, O'Ran, Hudnall, Cruz, and Shankland are supervisory personnel.[3]

Plaintiff provides the following "Introduction" to his claims (which is substantially similar to the summary outlined in the second amended complaint):

> . . . This is a Complaint declaratory and injunctive relief and damages under 1983, with acts violating Equal Rights and Title II Americans with Disabilities Act (ADA) at California Medical Facility, which "discrimination and unequal treatment" for "siege & terrorism" of

---

[2] These are the same defendants as were named in the second amended complaint. The court's docket, however, lists additional individuals and omits another.  Specifically, the dockets indicates that Riley, Harris, Mayer, Arnold, and Dovey are also defendants, but does not list Schwartz.  The Clerk of the court is hereby directed to update the docket to reflect only those defendants named.

[3] Again, this is consistent with the second amended complaint.

Unit M-3 Enhanced Out Patients (EOP's) was allowed against Plaintiff Wilson and all EOP's by Correctional Officer (C/O) W.C. Nesbeth by denying program cell unlocks of doors by intentionally walking by cells, then claim Inmates were not ready to make miss or be late to Breakfast/Lunch, or confine to quarters without supervisor's or any Psy. Staff approval, C/O Nesbeth walks by cells to deny or make late to yard, Medication, Church, Medical, Library, or other priority Pass Duckets, and to see EOP Clinician's, which when brought up at Community Meetings Inmate's cells searched, or personal property taken in retaliation. Supervisor's failed to act on behalf of M-3 EOP's having direct knowledge of NESBETH's actions an participated to deny equal rights by failing to intercede NESBETH's caprice denying program access. Plaintiff gathered signatures on Affidavit to remove C/O NESBETH attached Staff Complaint and filed Restraining Order in discrimination case. Plaintiffs appeal was screened out twice by Appeals Coordinator. Plaintiff sent to Warden, Gov't Officials, appeal sent back "NO" response to Plaintiff who ask for response, and Counselor gives copy to C/O NESBETH who use's to harass EOP's on Affidavit. Plaintiff seeks Director's relief. C/O NESBETH takes Plaintiff's property, and gives back part, other items given back in appeal resolvement. C/O NESBETH concocts "False disciplinary in retaliation Plaintiffs First Amendment rights." Plaintiff helps another Inmate with appeal after C/O NESBETH places a knife in Inmate's cell. C/O NESBETH concocts Plaintiff inciting to place in segregation. Plaintiff is denied witnesses statements and Committee claims none denying Fourteenth Amendment due process. Plaintiff is released from segregation, files appeal for property taken by C/O NESBETH and filed on "False disciplinary" which both appeals are denied at CMF and Director's Review which are sent back to procedurally bar. Plaintiff sends back until Director's Review given. Plaintiff contacted Newspapers, more Gov't Officials, and received other Inmate's Complaint's on C/O NESBETH. This discrimination to deny programs, activities, services, was not done to Non-EOP's who do not fact intentional, willful, malicious, reckless disregard as Plaintiff WILSON who is EOP with Post Traumatic Stress (Disorder) diagnosed schizophrenia meeting Title II ADA requirements as other similarly situated, mental impairment Title 15 section 3004(c) Rights & Respects of Others; Title 42 U.S.C. § 12131 and 504 of Rehabilitation Act, which C/O NESBETH violates with reprisals to appeals Title 15 section 3084.1(d); 28 C.F.R. § 35.134; First Amendment and Eight Amendment with out Due Process of Fourteenth Amendment United States Constitution.

As to specific factual allegations, plaintiff claims that, between June and July 2005, defendant Nesbeth denied "'heat Alert Showers,' Shower time, Unlocks of cells for DayRoom Yard, Church, Program activities, Breakfast/Lunch, Library . . . ." Plaintiff states that he approached defendant Hudnall about the problem on July 4, 2005. He apparently claims that defendant Shankland also had knowledge of the problem with Nesbeth but did nothing.

According to plaintiff, he filed an inmate grievance concerning Nesbeth on July 11, 2005. He also wrote to defendant Schwartz about the problems with Nesbeth on July 14, 2005. The appeal was "screened out" by defendant Piazza. Plaintiff send defendant Schwartz another inmate grievance on July 23, 2005.

   Plaintiff also asserts that, on August 27, 2005, after Nesbeth had been sent copies of his various complaints, defendant Nesbeth harassed him in retaliation. Plaintiff states this occurred again on September 1, 2005, when Nesbeth "tells Plaintiff one-way only to cell, instead of two-way on hour unlock, for harassment and to deny access to DayRoom." Plaintiff alleges further harassment by Nesbeth on September 2, 2005, September 9, 2005, September 11, 2005, and October 12, 2005. He claims that other defendants were responsible for denying his inmate appeals concerning Nesbeth's alleged conduct. The complaint also contains allegations concerning Nesbeth's alleged confiscation of plaintiff's property.[4]

   Plaintiff states that the facts of his case give rise to the following claims:

> The actions of Defendant[s] . . . gives legitimacy to retaliation. . ., and discrimination of ADA, and denial of First Amendment rights to petition for grievance complaint and access to Court, with reprisals to appeals process, thereby denying Fourth Amendment search and seizure, and no due process for property, violating Fourteenth Amendment of hearing procedures to cause Eight Amendment violations including equal protection to Plaintiff and other EOP's within CMF, thereby denying United States Constitution.

Plaintiff seeks monetary damages and declaratory relief.

/ / /

/ / /

/ / /

/ / /

---

[4] Plaintiff's allegations themselves are not entirely clear on this point. However, plaintiff has attached to the amended complaint various prison grievance documents relating to his property.

## II.  DISCUSSION

It is clear that all of plaintiff's claim stem from the alleged conduct of defendant Nesbeth.  All other defendants are alleged either to have known about such conduct but done nothing, or to have denied plaintiff's inmate grievances concerning Nesbeth.  Construed as liberally as possible, the claims against Nesbeth suggest:  (1) some kind of discrimination against "EOP" inmates; (2) retaliation; and/or (3) denial of due process related to plaintiff's property.  This is consistent with plaintiff's statement of "Claims for Relief."

### Discrimination

Prisoners are protected from invidious discrimination based on race.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline.  See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam).  Prisoners are also protected from intentional discrimination on the basis of their religion.  See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Plaintiff cannot state a discrimination claim.  In this case, plaintiff has not alleged that Nesbeth discriminated against him based on either his race or religion.

/ / /

/ / /

/ / /

Retaliation

Prisoners retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must allege that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must allege a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also allege that his constitutional right was actually chilled by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000). Thus, the prisoner plaintiff must allege the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action actually chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).

Plaintiff cannot state a claim based on retaliation. In this case, plaintiff has not alleged that any of his First Amendment free speech rights have been chilled as a result of the alleged conduct of Nesbeth. Rather, it is clear that, despite Nesbeth's alleged conduct, plaintiff was able to present numerous grievances.

Due Process

Where a prisoner alleges the deprivation of a liberty or property interest caused by the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983.

See id. at 531 n.11.  An available state common law tort claim procedure to recover the value of property is an adequate remedy.  See Zinermon, 494 U.S. at 128-29.

Plaintiff cannot state a due process claim based on confiscation of his property because the state's tort claims procedures provide an adequate post-deprivation remedy.

### III.  CONCLUSION

This is plaintiff's fourth attempt to state cognizable claims.  Plaintiff's allegations, however, have not come closer to doing so with each subsequent amendment.  It thus does not appear possible that the deficiencies identified herein can be cured by further amending the complaint.  Therefore, plaintiff should not be permitted leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 10, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE