IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>W.C. NESBETH, et al.,<br><br>    Defendants.<br>_____/ | No. CIV S-06-1139-FCD-CMK-P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's third amended complaint (Doc. 14).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4   allege with at least some degree of particularity overt acts by specific defendants which support
5   the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6   impossible for the court to conduct the screening required by law when the allegations are vague
7   and conclusory.

8         The court previously concluded that plaintiff's third amended complaint, at best,
9   stated claims based on: (1) retaliation; (2) denial of due process relating to deprivation of
10  property; and/or (3) denial of equal protection.  On February 4, 2008, the court dismissed this
11  action in its entirety for failure to state any claim upon which relief could be granted.  Plaintiff
12  appealed and, on July 6, 2009, the Ninth Circuit Court of Appeals affirmed in part, reversed in
13  part, and remanded for further proceedings.  Specifically, the Court of Appeals affirmed this
14  court dismissal of plaintiff's claims based on deprivation of property and denial of equal
15  protection.  The Court of Appeals, however, reversed this court's dismissal of plaintiff's
16  retaliation claims, concluding that plaintiff had adequately stated such a claim.  The Court of
17  Appeals remanded for further proceedings on plaintiff's retaliation claims.  The mandate was
18  issued on July 29, 2009.

19        Based on the foregoing procedural history, the court finds that the only claims
20  remaining in this action are plaintiff's claims based on alleged retaliation.  Plaintiff's allegations
21  were summarized in the court's January 11, 2008, findings and recommendations and will not be
22  repeated here.  As stated in those findings and recommendations:

23        It is clear that all of plaintiff's claim[s] stem from the alleged conduct of defendant Nesbeth.  All other defendants are alleged
24  either to have known about such conduct but done nothing, or to have denied plaintiff's inmate grievances concerning Nesbeth. . . .
25

26  / / /

To the extent plaintiff alleges liability as to supervisory defendants based on their knowledge of defendant Nesbeth's conduct and failure to correct such conduct, the court finds that plaintiff cannot state a claim. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948. Because plaintiff does not allege specific affirmative conduct by supervisory defendants, such defendants should be dismissed.

To the extent plaintiff alleges violations incident to certain defendants' handling of his inmate grievances, the court also finds that plaintiff cannot state a claim. Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous

1  district courts in this circuit have reached the same conclusion.  See Smith v. Calderon, 1999 WL
2  1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any
3  constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison
4  officials' failure to properly process and address grievances does not support constitutional
5  claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing
6  complaint without leave to amend because failure to process a grievance did not implicate a
7  protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding
8  that prisoner's claim that grievance process failed to function properly failed to state a claim
9  under § 1983).

10          For these reasons, the court finds that this action should proceed on plaintiff's
11 retaliation claims against defendant Nesbeth only and that all other defendants should be
12 dismissed.  Because it does not appear possible that the deficiencies identified herein can be
13 cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
14 all defendants other than Nesbeth.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir.
15 2000) (en banc).  By separate order issued herewith, the court will direct plaintiff to submit the
16 paperwork necessary for service of this action on defendant Nesbeth.

17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

1       Based on the foregoing, the undersigned recommends that all defendants other than Nesbeth be dismissed from this action.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 5, 2009

                                                                     */s/ Craig M. Kellison*
                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE