IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WAYNE WILSON,

       Plaintiff,                    No. CIV S-06-1139 FCD GGH P

   vs.

W.C. NESBETH, et al.,

       Defendants,            ORDER

         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's July 14, 2010, motion to quash defendant's subpoena (Doc. 40). Defendant sent plaintiff a subpoena seeking his medical/psychiatric file to which plaintiff seeks to quash.[1]

         Standard

         In Jaffee v. Redmond, 518 U.S. 1, 116 S.Ct. 1923 (1996), the United States Supreme Court formally recognized the psychotherapist-patient privilege. The Court specifically held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure." Jaffee, 518 U.S. at 5. The Court also recognized, without any further elaboration, that this privilege may be

---

[1] Defendant's counsel states he has received several sealed files he believes to be the file in question.

waived by the patient. Jaffee, 518 U.S. at 15 n. 14.

Lower courts disagree on the test to determine whether the privilege is waived. Some apply a broad test, finding mental condition at issue, and, accordingly, waiver of the privilege, whenever the mental condition is at issue and damages are sought. See e.g., Sanchez v. U.S. Airways Inc., 202 F.R.D. 131 (E.D. Pa. 2001); Doe v. City of Chula Vista, 196 F.R.D. 562, 567 (S.D. Cal. 1999); EEOC v. Danka Indus., Inc., 990 F. Supp. 1138, 1142 (E.D. Mo.1997).

Others use a narrow approach and decline to find waiver unless the emotional distress claims are more than mere "garden variety" or just incidental emotional distress damages claims and privileged communications are directly placed at issue. See e.g., Ruhlmann v. Ulster Co. Dept. of Social Serv., 194 F.R.D. 445 (N.D. N.Y. 2000); Speaker ex rel. Speaker v. County of San Bernardino, 82 F.Supp.2d 1105 (C.D. Cal., 2000); Fritsch v. City of Chula Vista, 196 F.R.D. 562, 568 (C.D. Cal. 1999); Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 225- 30 (D.Mass.1997).

Analysis

Defendant Nesbeth is the sole defendant remaining in this action. The only claim remaining in this case is if defendant retaliated against plaintiff and placed him in administrative segregation, confiscated his property and harassed him for plaintiff requesting cell unlocks, filing staff complaints, threatening to sue defendants and for gathering signatures for a petition against Nesbeth. The operative third amended complaint filed on October 1, 2007 (Doc. 14), states that plaintiff is an EOP patient with Post Traumatic Stress Disorder and Schizophrenia. Compl. at 2.

The undersigned believes the "narrow' approach referenced above is the appropriate manner to determine if plaintiff has waived privilege. In the complaint, plaintiff seeks two and a half million dollars in compensatory damages and two million dollars in punitive damages. However, plaintiff does not state in his complaint that he seeks any damages for emotional distress or emotional injuries. While, arguably, plaintiff's damages could be effected

due to his mental issues, plaintiff has not specifically sought emotional damages outside of any incidental emotional distress.

Moreover, while this retaliation claim arises out of plaintiff's treatment in the EOP program and involves some allegations regarding psychological medication and meetings with clinicians, plaintiff has not placed any confidential psychotherapist-patient communications at issue. This case involves plaintiff's allegations that he was retaliated against for filing his grievances and petitions.

For example, plaintiff alleges he was confined to his cell without a psychological evaluation. While this can be used to demonstrate retaliation, plaintiff has not alleged any damages as result of the emotional or mental aspects of this alleged action. Therefore, plaintiff has not placed his psychological care at issue.

Conversely, plaintiff is informed that he has specifically set forth under the penalty of perjury, in his motion to quash, that he does not seek damages based on any emotional damages or injuries or any damages that would arise due to his mental illness. Plaintiff will therefore be precluded from raising his mental status or any injuries that occurred due to his mental status as this case proceeds.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to quash (Doc. 40) is granted and defendant shall return the psychological records to the custodian of such records.

DATED: October 28, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB
wils1139.qua

3