IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WAYNE WILSON,

        Plaintiff,                   No. CIV S-06-1139 KJM GGH P

   vs.

W.C. NESBETH, et al.,

        Defendants,            <u>ORDER</u>

                              /

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. On January 18, 2011, the undersigned issued a further scheduling order which indicated that trial was scheduled for January 10, 2012, and plaintiff was to file his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before August 26, 2011. Plaintiff has not filed a pretrial statement, but on August 26, 2011, plaintiff filed a motion for a temporary restraining order. Doc. 51. **In addition, the jury trial is rescheduled for Monday, January 9, 2012, at 9:00 am before Judge Kimberly J. Mueller.**

<u>Protective Order</u>

The court construes plaintiff's motion for injunctive relief as a motion for a protective order. Local Rule 302 of the Eastern District of California permits magistrate judges to handle all aspects of a prisoner's case short of jury trial. It has also been interpreted as

1

1 authorizing magistrate judges to issue orders under § 636(b)(1)(A) for non-dispositive motions or
2 motions not involving injunctive relief.  See also United States v. Raddatz, 447 U.S. 667, 673,
3 100 S. Ct. 2406, 2411 (1980) (magistrate judge may hear any pretrial matter except "dispositive"
4 motions).

5          Clearly, the request addressed in plaintiff's motion does not seek dispositive relief
6 on the merits of the complaint.  The motion is addressed to procedures that the parties must
7 utilize in litigating this case.  See United States v. Flaherty, 666 F.2d 566, 586 (1st Cir. 1981): "A
8 pretrial matter within the magistrate's jurisdiction would thus seem to be a matter unconnected to
9 issues litigated at trial and not defined with respect to the time of trial."  Neither do the rulings
10 herein involve injunctive relief.

11          As in nearly all rulings of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A),
12 parties are told to do something or not do something.  For example, in typical discovery motions,
13 parties are compelled to answer interrogatories, answer a question or produce a document despite
14 a claim of privilege, attend a deposition at a certain tine or place, be compelled to undergo a
15 medical examination, pay costs associated with discovery in a cost-shifting sense.  No one would
16 think of asserting that such non-dispositive orders are invalid because they command or disallow
17 a certain activity.  Therefore, the fact that parties are directed in their activities by a magistrate
18 judge, cannot, without more, transform the matter at hand into an "injunctive" relief situation
19 governed by § 636(b)(1)(B).  See e.g., Grimes v. City and County of San Francisco, 951 F.2d 236
20 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per
21 day during period for non-compliance with discovery orders); Rockwell Int. Inc. V. Pos-A-
22 Traction Indus., 712 F.2d 1324, 1325 (9th Cir. 1983) (magistrate judge had jurisdiction to order
23 witnesses to answer questions); United States v. Bogard, 846 F.,2d 563, 567 (9th Cir. 1988)
24 superseded by rule on unrelated matter, Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174
25 (9th Cir. 1996) (magistrate judge may deny requests to see jury selection materials); New York v.
26 United  States Metals Roofing Co., 771 F.2d 796 (3rd Cir. 1985) (magistrate judge may prevent a

1 party from releasing discovery information to the public; specifically held not to be an injunction
2 beyond the authority of a magistrate judge); Affelt v. Carr, 628 F. Supp. 1097, 1101 (N.D. Oh.
3 1985) (issuance of gag orders and disqualification of counsel are duties permitted to a magistrate
4 judge.). It is only where the relief sought goes to the merits of plaintiff's actions or to complete
5 stays of an action are orders under § 636(b)(1)((A) precluded. See e.g. Reynaga v. Camisa, 971
6 F.2d 414 (9th Cir. 1992); compare United States Metals etc., 771 F.2d at 801 (orders which
7 restrain or direct the conduct of the parties are not to be characterized as an appealable injunction
8 beyond the authority of the magistrate judge unless the restraint goes to the merits of the action).
9 In other words, a motion for injunctive relief must relate to the allegations in the complaint. If
10 there is no relation, it is not an injunctive relief situation. A party seeking preliminary injunctive
11 relief "must necessarily establish a relationship between the injury claimed in the party's motion
12 and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th
13 Cir.1994). In other words, plaintiff must seek injunctive relief related to the merits of his
14 underlying claim.

15        Moreover, the rule that governs interlocutory injunctions, Fed. R. Civ. P. 65, also
16 indicates that the matters at issue have to be encompassed by the complaint, e.g., provision which
17 allows the hearing on preliminary injunction to be accelerated into a trial on the merits,
18 preserving the right to jury trial if otherwise appropriate, making evidence received at the hearing
19 on preliminary injunction admissible at trial. None of the provisions would make sense if
20 disputes outside the complaint, and on which no trial by definition will be had, could be
21 considered as proceedings for injunctions. In addition, the standards for granting injunctions are
22 much different than the standards applicable to protective orders. Applying established standards
23 on the need to grant an injunction only in extraordinary circumstances, absence of legal remedy,
24 balance of hardships, irreparable harm, and so forth are foreign to resolution of discovery and
25 other procedural disputes which crop up in the course of a litigation.
26        In the instant case, plaintiff's requests do not go the merits of plaintiff's action.

Accordingly, this matter may be handled by court order. Plaintiff states that since his placement in Administrative Segregation on July 7, 2011, he has been denied his legal materials and has only been allowed to the library once. Plaintiff does not describe any specific adverse results other than generally stating his court access has been "chilled." Nor does plaintiff make any reference to his pretrial statement that has not been submitted. The court also notes that plaintiff filed the exact same motion for a temporary restraining order on the same date in <u>Wilson v. Tilton</u>, 07-cv-1193 GEB DAD, Doc. 80. As a result it does not appear that plaintiff was specifically addressing the pretrial statement.

Regardless, plaintiff has not shown that he needs library access or his legal materials to complete a pretrial statement. There is only one claim in this case and only one defendant and plaintiff has failed to make specific showing regarding the pretrial statement. In addition, plaintiff has known for nearly seven months about the pretrial statement, so it is not clear why he did not complete it prior to being placed in administrative segregation or file this motion until the due date of the pretrial statement

Plaintiff's motion for a temporary restraining order construed as a protective order is denied. Within 14 days of service of this order plaintiff shall to the best of his ability file a pretrial statement as discussed in the January 18, 2011, further scheduling order.[1] Failure to file a pretrial statement will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for a temporary restraining order (Doc. 51) construed as a protective order is denied;

2. Within 14 days of service of this order plaintiff shall to the best of his ability file a pretrial statement as discussed in the January 18, 2011, further scheduling order. Failure to file a pretrial statement will result in a recommendation that this action be dismissed.

---

[1] If the court requires more information after a pretrial statement has been filed, then the issue of plaintiff's legal materials will be addressed.

1  **3. The jury trial is rescheduled for Monday, January 9, 2012, at 9:00 am**
2  **before Judge Kimberly J. Mueller.**
3  DATED: September 8, 2011

                                   /s/ Gregory G. Hollows
                            UNITED STATES MAGISTRATE JUDGE

GGH: AB
wils1139.po