IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WAYNE WILSON,

        Plaintiff,                      No. CIV S-06-1139 KJM GGH P

  vs.

W.C. NESBETH, et al.,

        Defendants,               <u>ORDER</u>

      /

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983, and trial is scheduled for January 9, 2012. On January 18, 2011, the undersigned issued a further scheduling order which indicated that plaintiff was to file his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before August 26, 2011. Plaintiff did not file a pretrial statement by August 26, 2011, but instead a motion for a temporary restraining order regarding access to his legal materials.

        Plaintiff stated that since his placement in Administrative Segregation on July 7, 2011, he has been denied his legal materials and has only been allowed to the library once. Plaintiff did not describe any specific adverse results other than generally stating his court access has been "chilled." Nor did plaintiff make any reference to his pretrial statement that was due. The court also noted that plaintiff filed the exact same motion for a temporary restraining order

on the same date in <u>Wilson v. Tilton</u>, 07-cv-1193 GEB DAD, Doc. 80. As a result it did not appear that plaintiff was specifically addressing the pretrial statement.

Plaintiff's motion for a temporary restraining order was denied, and plaintiff was ordered to file a pretrial statement to the best of his ability as the court noted there was only one claim, one defendant and plaintiff had known for nearly seven months that the pretrial statement was due. After various extensions plaintiff filed a pretrial statement on October 24, 2011. Defendant, however, filed a motion to strike the pretrial statement on November 3, 2011, noting that plaintiff's pretrial statement failed to comply whatsoever with the court's orders and Local Rule 281.

Defendant is correct and the motion to strike will be granted. Plaintiff's pretrial statement does not comply with Local Rule 281, nor does plaintiff seem to be aware of the substance of this case and what claims continue. The court notes that plaintiff has extensive experience with litigation as he has filed 22 cases since 2005. The court cannot instruct plaintiff on the specifics of his pretrial statement, but will include, following this order, a pretrial statement template. Plaintiff shall file a pretrial statement in 14 days from the date of service of this order. Defendant shall file their pretrial statement 14 days after plaintiff has filed his.

To the extent plaintiff is unable to properly file a pretrial statement due to the lack of his legal materials, if that is still an issue, plaintiff may file a motion regarding his legal materials in 7 days from the date of service of this order. Any motion must specifically describe what materials plaintiff has not had access to, for how long and why plaintiff specifically needs access to these materials for purposes of his pretrial statement. Plaintiff must identify specific materials as any motion that generally describes the situation will be disregarded. Nor is plaintiff entitled to his legal materials for his other cases to prepare his pretrial statement in the instant case.[1]

---

[1] In plaintiff's motion for an extension (Doc. 56), he noted that he was being denied all of his court documents for all of his cases and had deadlines on 4 court cases. For purposes of this

1  Plaintiff's failure to properly file a pretrial statement will result in this case being
2 dismissed for lack of prosecution.
3  Accordingly, IT IS HEREBY ORDERED that
4  1.  Defendant's motion to strike (Doc. 59) is granted and plaintiff's pretrial
5 statement (Doc. 58) is stricken.
6  2.  Plaintiff shall file a pretrial statement in 14 days from the date of service of this
7 order.  Defendant shall file their pretrial statement 14 days after plaintiff has filed his.
8  3.  Plaintiff may file a motion regarding his legal materials in 7 days from the date
9 of service of this order.  Any motion must specifically describe what materials plaintiff has not
10 had access to, for how long and why plaintiff specifically needs access to these materials for
11 purposes of his pretrial statement.  Plaintiff must identify specific materials as any motion that
12 generally describes the situation will be disregarded.  Nor is plaintiff entitled to his legal
13 materials for his other cases to prepare his pretrial statement.
14 DATED: November 8, 2011

15  /s/ Gregory G. Hollows
  UNITED STATES MAGISTRATE JUDGE
16 GGH: AB
wils1139.ord2

---

25 case, plaintiff's legal documents in his other cases are immaterial.  Plaintiff, in one of his exhibits
in that motion was requesting from prison officials the return of all of his legal materials, medial
26 appliances, vitamins, toothpaste, soap and other such items.

3

**Pretrial Statement Template**

JURISDICTION/VENUE

JURY/NON-JURY

UNDISPUTED FACTS

DISPUTED FACTUAL ISSUES

DISPUTED EVIDENTIARY ISSUES

SPECIAL FACTUAL INFORMATION

RELIEF SOUGHT

POINTS OF LAW

ABANDONED ISSUES

WITNESSES

EXHIBITS, SCHEDULES AND SUMMARIES

DISCOVERY DOCUMENTS

FURTHER DISCOVERY OR MOTIONS

STIPULATIONS

AMENDMENTS/DISMISSALS

SETTLEMENT NEGOTIATIONS

AGREED STATEMENTS

SEPARATE TRIAL OF ISSUES

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

ATTORNEYS' FEES

TRIAL DATE

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS